UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARLOS ORTIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01580-TWP-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

**I. Introduction**

In 2013 Carlos Ortiz pleaded guilty to and was sentenced by this Court for interference with commerce by robbery, brandishing a firearm in relation to a crime of violence, and being a felon in possession of a firearm in *United States v. Carlos Ortiz*, No. 1:12-cr-00032-TWP-DKL (S.D. Ind.). There was no plea agreement. At the time of sentencing, the term "crime of violence" as used in the brandishing count, *see* 18 U.S.C. § 924(c), was defined as any felony that "has as an element the use, attempted use or threatened use of physical force against the person or property of another," or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." These two clauses are nearly identical to clauses used in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). In *Johnson v. United States,* 576 U.S. ___, 135 S. Ct. 2551 (2015), the Court held the latter clause, as used in the ACCA, the so-called "residual clause," unconstitutionally vague. Ortiz now seeks Section 2255 relief pursuant to *Johnson*, contending that the residual clause language in the statute under which he was convicted makes that statute unconstitutional as well. More specifically, Ortiz

contends that his offense, which was actually an *attempted* Hobbs Act robbery, no longer qualifies as a crime of violence for sentencing purposes.

For the reasons explained below, Ortiz's motion brought under 28 U.S.C. § 2255 is **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

## II. The Section 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## III. Factual Background

On October 15, 2011, Ortiz entered an Auto Zone store in Indianapolis. Brandishing a handgun and wearing a mask, Ortiz ordered the store's occupants to move to the back of the store. An armed store customer used his firearm to shoot Ortiz in the leg, interrupting the robbery. Ortiz aborted the robbery and left the store, but was arrested shortly thereafter. On October 24, 2013, Ortiz pleaded guilty to three felony counts including brandishing a firearm in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Mr. Ortiz received a sentence of 121 months, reflecting 37 months on the attempted robbery, 30 months on the felon in possession charge, and a mandatory consecutive term of 84 months, the statutory minimum under 18 U.S.C. § 924(c) for brandishing a firearm in relation to a crime of violence.

Ortiz appealed, but his appellate attorney filed a notice that he believed any appeal was frivolous and sought to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Seventh Circuit Court of Appeals considered three potential arguments related to sentence, agreed they were frivolous, and dismissed the appeal. *Ortiz v. United States*, No. 13-3446, unpub. order (7th Cir. June 4, 2014).

This Section 2255 motion is Ortiz's first collateral challenge to his conviction and sentence.

### III. Discussion

Ortiz's sole ground for relief is that because *Johnson* held unconstitutional the residual clause of the definition of a "crime of violence" in the ACCA, so too must the residual clause of the "crime of violence" provision of 18 U.S.C. § 924(c) be unconstitutional. However, courts are examining the specific crime involved – here an armed robbery of a business engaged in interstate commerce (a "Hobbs Act" robbery, 18 U.S.C. § 1951(a)) – to determine if it qualifies as a crime of violence under the elements clause of Section 924(e)(2)(B)(i).

A Hobbs Act robbery is a "crime of violence" for Section 924(c) purposes. *United States v. Rivera*, 847 F.3d 847, 848-49 (7th Cir. 2017); *accord United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Hill*, 832 F.3d 135, 140-44 (2d Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016). Ortiz focuses on the *attempted* nature of his crime, but his argument is foreclosed by *Hill v. United States*, 877 F.3d 717, 718-19 (7th Cir. 2017). In *Hill*, the court held that when a certain

offense is a violent offense, then so too must an attempt to commit that offense be a violent offense. Thus, attempted Hobbs Act robbery is a crime of violence for Section 924(c) purposes.

At least one other circuit has specifically held that attempted Hobbs Act robbery is a crime of violence. The Eleventh Circuit noted that attempted Hobbs Act robbery is a crime of violence, writing "that the definition of a crime of violence in the use-of-force clause in § 924(c)(3)(A) explicitly includes offenses that have as an element the "attempted use" or "threatened use" of force against the person or property of another." *Charlton v. United States*, 725 Fed. App'x 881, 890 (11th Cir. 2018) (holding that aiding and abetting an attempted Hobbs Act robbery is a crime of violence), citing 18 U.S.C. § 924(c)(3)(A).

Ortiz's motion for relief pursuant to 28 U.S.C. § 2255 therefore is without merit and must be denied. Attempted Hobbs Act robbery is a crime of violence for 18 U.S.C. § 924(c)(1)(A) purposes, and Ortiz's resulting sentence is not unconstitutional.

### IV. Conclusion

Carlos Ortiz cannot show that he is entitled to sentencing relief, and his motion for relief pursuant to 28 U.S.C. § 2255 is therefore **denied.** Judgment consistent with this Order shall now issue. The **clerk is directed** to docket a copy of this Order in 1:12-cr-00032-TWP-DKL. Additionally, the **clerk is directed** to terminate the motion for Section 2255 relief on the criminal docket.

### V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds (1) that no reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," and (2) that no reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of

4

a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**


Date: 10/2/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel